

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MARY JANE ANDERSON**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2415<br>Fax: (212) 356-3509<br>maanders@law.nyc.gov |

February 6, 2026

VIA E.C.F.
Honorable Jennette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Khadijah Almarales v City of New York et. al.,
               25-CV-09451 (JAV)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel and the attorney representing the City of New York in this matter. I write on behalf of Defendant City of New York to respectfully request a thirty day enlargement of time from February 6, 2026 until March 9, 2026, to answer or otherwise respond to the complaint. This Office also requests that the Court sua sponte extend the time for Officer Jon Felz to respond to the complaint. This is the second request for an extension of time. Plaintiff's counsel consents to this request, but indicated no further extensions would be granted on consent given the prior 60-day extension.

      Plaintiff alleges, inter alia, that she was falsely arrested for shoplifting in a Target store in midtown Manhattan. Plaintiff further alleges she was held in custody for several hours before being issued a Desk Appearance Ticket and released. According to the complaint, the District Attorney's Office declined to prosecute the case and all charges were dismissed. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we require additional time to investigate the allegations in the complaint. Since the filing of the City's last letter, we have received an unsealing release, pursuant to New York Criminal Procedure Law § 160.50. However, we must still obtain relevant documents in order to fulfil our obligations.

      Additional time is also requested so we can meet with Officer Jon Felz, the individually named officer who, according to the Civil Docket Sheet, has been served with process in this case, to determine representation. Pursuant to Section 50-k of the General Municipal Law, Officer Felz must then decide whether he wishes to be represented by this Office. If so, this Office must obtain his written authorization. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800 (1985) (noting that the decision to bestow

legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law).

Two other individually named defendants are now retired and the NYPD must reach out to them to obtain their consent to accept service on their behalf. They are in the process of doing that and once their consent is obtained, service addresses will promptly be provided to plaintiff.

Accordingly, the City respectfully requests a thirty day enlargement of time from February 6, 2026 until March 9, 2026, to answer or otherwise respond to the complaint, and also that the Court, sua sponte, grant a corresponding extension of the time for Officer Jon Felz to respond.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

*Mary Jane Anderson*    /s/
Mary Jane Anderson
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: VIA ECF
    *Counsel of Record*